Haywood, J.
delivered the opinion of himself and Judge Peck.
Nall sued Hill in the Circuit Court for the county of Hawkins, and charged him in his declaration with having spoken the following words : “ You are a beef thief, hog thief, and a sheep thief, and I can make it manifest.” The defendant pleaded, first, not guilty ; and secondly, “ that the said plaintiff had stolen beef, hogs, and sheep, wherefore he spake the words mentioned in the plaintiff’s declaration.” To this plea the plaintiff replied that the defendant, of his own wrong and without any such cause of justification as in his plea is alleged, spake and published the words in the plaintiff’s declaration mentioned, and upon this issue was joined. The jury found the defendant guilty of speaking the words, and that the defendant was well justified in speaking and publishing the words charged in the declaration. Judgment was given for the defendant, and the cause is removed into this Court by an appeal in the nature of a writ of error. The error assigned is, that such judgment is erroneous, and should be reversed.
In order to decide properly on this assignment, it is to be considered, first, whether the fact of theft generally alleged, without specification of the thing stolen, of the person from whom, and of the time and place, when and where, can be proved by any evidence. Secondly, if not provable by any evidence, but evidence be received, and the fact as generally alleged be found, can any judgment be pronounced upon it ? Thirdly, can the failure on the part of the plaintiff to object to such evidence make it admissible ? *261 Fourthly, can it be presumed, from a verdict founded on such evidence, that the circumstances omitted were legally established on the trial?
First, the plea alleges that the plaintiff had stolen beef, hogs, and sheep, wherefore he spake the words imputed to him. This gives no notice to the plaintiff of the time and place intended to be proved, of the person to whom the beef, hogs, and sheep belonged, nor whether stolen at one time and place or at several times and places. The plaintiff cannot know what to disprove till the very moment of trial. And whose fault is this ? The fault of the pleader, who might in his plea have stated with certainty all that he intended to establish. And who shall suffer by this default, — the defendant, who was guilty of the omission, or the plaintiff, who is innocent of it ? Shall the defendant by his omission enable himself to give all manner of evidence, of all facts to which he can adduce evidence, from the infancy of the plaintiff to his old age, and deprive the plaintiff at the same time, by his neglect, of the power to controvert any one of the facts that he might choose to give evidence of? The fault is his, and if either the defendant shall not be allowed to prove any fact not specified in the plea, or the plaintiff be disabled to controvert any, the disadvantage should fall upon the defendant, who has produced the dilemma. And then it follows that the defendant shall be excluded from giving evidence of any fact not specified. 1 Willes, 22; 1 Saun. 244 a, note 6; 1 Chitty, 503. If a witness be called, and the party, against whom his evidence is, attempt to discredit him by proof of particular facts, he shall not be permitted to do so, because the 'witness had no notice that such particular fact was intended to be proved against him, and must of course be taken by surprise; and for the same reason no evidence shall be given of any particular offence against the plaintiff, unless he had notice by a specification thereof in the plea that it was intendéd to be proven against him. And as in the case of a witness discredited by proof of such particular fact, a verdict given against his evidence should be set aside; so likewise a verdict given against the plaintiff, upon proof of such particular fact not specified in the plea, shall be set aside, or otherwise the law is not uniform in its operations, but inconsistent, giving to the witness a privilege for his security which it withholds from a plaintiff in an action of slander, who is as much or more injured for want of it than the witness is. True, the plaintiff might demur to the plea for insufficiency, but if he fails to do so the first fault is still in the defendant, and is not the more excusable, because the plaintiff has erred likewise. The plaintiff is not bound to correct the defendant’s mispleading in order to prevent the ill consequence to the defendant to which he has exposed himself, and possibly, too, with a view to entrap the plaintiff and to gain an unfair advantage over him.
Suppose the defendant at liberty to give evidence of such general plea, and upon such evidence there be a verdict in favor of his plea, upon evi *262 dence of a particular offence committed by tbe plaintiff, and then the plaintiff to be indicted for that offence, and that the same be specified in the indictment with all its distinctive featui’es and properties, and upon trial the plaintiff produce evidence which completely acquits him of the charge; would it not be a melancholy spectacle to see him defamed and ruined by a verdict on the plea, when by a verdict on the indictment he would be perfectly innocent ? And what could we say was the cause of this misfortune, but the improvidence of the law in exposing him to evidence on the plea without the opportunity or the possibility of answering respecting it?
Secondly, if the plea be not provable by any evidence, but evidence be admitted, and the fact so generally alleged, can any judgment be pronounced upon it? If such fact so stated in an indictment were found, no judgment could be given because of the uncertainty, because of the impossibility imposed on the plaintiff to disprove the fact, and because it could not be pleaded in bar to another indictment describing the fact with all the requisite circumstances, since upon comparison of the two indictments it could not appear that the same fact was stated in both; and as the same inconveniences apply in all their force to a plea of justification, subject to the same imperfections and the same consequences, the legal conclusion should be the same in both.
Thirdly, can the failure on the part of the defendant to object to such evidence on the trial malee it admissible ?
Where the matter stated in the plea, because of its uncertainty, is not allowable by the law to be proved, and when found cannot support a judgment, all such evidence is vain and nugatory, can be productive of no legal consequence, and should be rejected by the Court, whether opposed by the plaintiff or not; 1 Willes, 22 ; 1 Saund. 244 a, note 6 ; Swift’s Evidence, 167; 7 T. 522; 1 Mass. 5; and indeed if the fact pleaded were certainly set out and were provable, improper evidence, though not objected to on the part of the plaintiff, should not be received by the Court. 2 Hay. 162.
Fourthly, can it be presumed, from a verdict founded on such evidence, that the circumstances omitted of time, place, and person, and an identified subject, were established by evidence given to the jury? If a fact be alleged, and some constituent circumstance be omitted without proof of which the fact itself cannot be established, and a verdict find the fact, the strongest presumption arises that such circumstance was proved to the jury as a part of the fact; for instance, if the grant of a reversion be pleaded, not saying by deed, as such grant could not be perfect without a deed, when a verdict finds the grant the strong presumption is that a deed was proved to the jury as a constituent part of the grant. But if the fact alleged be so uncertainly stated as to render the fact not provable at all by any evidence, then it cannot be presumed that the circumstances of *263 any particular time, place, person, and subject, distinguishable from all others, was proved. The matter pleaded remains still as naked and as general as it was before. 1 Saund. 228 ; Cro. C. 497; 1 Salk. 365 ; 2 L. K. 1060 ; 3 Wilson, 275 ; 1 Term, 141, 145, 545 ; 3 T. 2,147; 4 T. 472; 7 T. 523.
Taking this view of the case to be a correct one, the judgment of the Circuit Court should be reversed, and the defendant be permitted to re-plead, and if not, to be precluded on the new trial from any evidence to establish the plea of justification.
Whyte, J. gave no opinion.
Judgment of the Circuit Court reversed, and the cause remanded.